NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 10 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10298 |
| Plaintiff-Appellee, | 18-10395 |
| v. | D.C. No. 3:17-cr-00139-SI-3 |
| DAVID LONICH, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10299 |
| Plaintiff-Appellee, | 18-10408 |
| v. | D.C. No. 3:17-cr-00139-SI-2 |
| BRIAN SCOTT MELLAND, | |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10300 |
| Plaintiff-Appellee, | 18-10394 |
| v. | D.C. No. 3:14-cr-00139-SI-2 |
| DAVID LONICH, | |

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant-Appellant.

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BRIAN SCOTT MELLAND,

Defendant-Appellant.

No.   18-10301
      18-10407

D.C. No. 3:14-cr-00139-SI-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SEAN CLARK CUTTING,

Defendant-Appellant.

No.   18-10303
      18-10405

D.C. No. 3:14-cr-00139-SI-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SEAN CLARK CUTTING,

Defendant-Appellant.

No.   18-10304
      18-10390

D.C. No. 3:17-cr-00139-SI-1

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

2

Before:  HURWITZ and BRESS, Circuit Judges, and CORKER,[**] District Judge.

Sean Cutting, Brian Melland, and David Lonich appeal their convictions and sentences arising from complex fraudulent schemes involving bank loans and real estate.  In an opinion issued concurrently with this memorandum disposition, we reject certain of defendants' challenges to their convictions but vacate their sentences and restitution orders and remand for resentencing.  In this memorandum disposition, we reject defendants' remaining challenges to their convictions.[1]

1.      We review de novo a district court's denial of a new trial based on a claimed violation of *Napue v. Illinois*, 360 U.S. 264 (1959).  *See United States v. Rodriguez*, 766 F.3d 970, 980 (9th Cir. 2014).  The district court's underlying factual findings are reviewed for clear error.  *See United States v. Inzunza*, 638 F.3d 1006, 1020 (9th Cir. 2011).

The district court did not err in rejecting defendants' claim that the government violated their due process rights under *Napue* when it examined House

---

[**]      The Honorable Clifton L. Corker, United States District Judge for the Eastern District of Tennessee, sitting by designation.

[1]  We address an ancillary challenge to the district court's forfeiture order in a separate concurrently filed opinion.  *See United States v. 101 Houseco, LLC*, No. 18-10305 (9th Cir. 2021).

at trial about his contact with SVB employees. To prevail on a *Napue* claim, "a defendant must show that (1) the testimony ... was actually false, (2) the prosecution knew or should have known that the testimony was actually false, and (3) that the false testimony was material." *United States v. Houston*, 648 F.3d 806, 814 (9th Cir. 2011) (quotations omitted).

Read in context, House's testimony was neither false nor misleading, nor is there a basis to conclude that the government "*knowingly* created a false impression." *Towery v. Schriro*, 641 F.3d 300, 309 (9th Cir. 2010). There is also not a "reasonable likelihood" that House's statements materially "affected the judgment of the jury." *Houston*, 648 F.3d at 814. Defendants cross-examined House extensively on the point in question, and the government's presentation of evidence and closing argument sufficiently corrected any potential misunderstanding.

2. Providing the jury with House's unredacted plea agreement did not violate defendants' Sixth Amendment Confrontation Clause rights under de novo review. *See Dickson v. Sullivan*, 849 F.2d 403, 405–08 (9th Cir. 1988). There is not "a reasonable possibility that the extrinsic material *could* have affected the verdict." *United States v. Prime*, 431 F.3d 1147, 1157 (9th Cir. 2005) (quoting *Dickson*, 849 F.2d at 405). House's unredacted plea agreement was but one of thousands of exhibits and it largely restated the government's theory at trial, of which the jury already heard extensive evidence. *See Dickson*, 849 F.2d at 406 (identifying a series

of factors for consideration in the prejudice analysis). The jury also received limiting instructions emphasizing that it could only consider the plea deal to determine House's credibility, further mitigating any prejudice.

3.      The district acted within its discretion in denying defendants' motion for a new trial based on alleged prosecutorial misconduct during closing argument. *See United States v. Barragan*, 871 F.3d 689, 707 (9th Cir. 2017) (standard of review). Although the prosecutor could have more precisely framed the challenged statement about Cutting's potential personal liability for legal lending limit violations, we do "not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning." *Donnelly v. DeChristoforo*, 416 U.S. 637, 647 (1974); *see also United States v. Alcantara-Castillo*, 788 F.3d 1186, 1195 (9th Cir. 2015) (finding no misconduct rising to the level of plain error where prosecutor's statement was "ambiguous"). Here, it is unclear that the prosecutor knew or should have known that the statement was false rather than simply imprecise. Regardless, there is no basis to conclude that the challenged statement "affected the jury's verdict." *United States v. Simtob*, 901 F.2d 799, 806 (9th Cir. 1990). The district court gave a curative instruction, and the government later clarified the statement in question.

4.      Defendants argue that the district court impermissibly instructed the jury that it could convict defendants for wire fraud on a fraud-by-omission theory

5

based on Lonich's allegedly trusting relationship with DebtX. But we must uphold a conviction when the jury instructions and supporting evidence provide alternate bases to convict a defendant, even if "one of the[] [instructions] lacks adequate evidentiary support." *United States v. Gonzalez*, 906 F.3d 784, 790–91 (9th Cir. 2018).

Here, the jury had extensive evidence by which to convict defendants for wire fraud on alternative grounds—based on Lonich's affirmative misrepresentations and half-truths. This included Lonich submitting a false certification to DebtX claiming that (1) 101 Houseco had no relation to anyone with outstanding FDIC debt, (2) the bid was not structured to circumvent FDIC's eligibility rules, and (3) the bid was "genuine and submitted in good faith." Lonich made similar false statements in certifying the take-out financing application for Freddie Mac. The evidence supporting the wire fraud convictions on these grounds was overwhelming. "Because 'jurors are well equipped to analyze the evidence,' we can be confident that the jury chose to rest its verdict on the [theory] that was supported by sufficient evidence, rather than" a theory that defendants claimed lacked evidentiary support. *Gonzalez*, 906 F.3d at 791 (quotations omitted). We reject as speculative defendants' claim that the jury must have relied on the omission theory to convict them on Counts 10–15 because jurors acquitted defendants on Count 16. Count 16 differed from the other wire fraud charges in that Lonich disclosed Madjlessi's role

6

in the project to Terra Capital.

5.	We review "the denial of a motion to suppress de novo and the district court's findings of fact for clear error." *United States v. Flores*, 802 F.3d 1028, 1042 (9th Cir. 2015). The district court correctly rejected Lonich's argument that the government's search warrant was overbroad. The most reasonable reading of the warrant is that it was limited to the 101 Houseco scheme. *See United States v. SDI Future Health, Inc.*, 568 F.3d 684, 702 (9th Cir. 2009) (noting "the requirement that the scope of the warrant be limited by the probable cause on which the warrant is based" (quoting *In re Grand Jury Subpoenas Dated Dec. 10, 1987*, 926 F.2d 847, 856–57 (9th Cir. 1991))). Nor has Lonich demonstrated that the government's execution of the search warrant supports his overbroad interpretation of that document.

6.	Even assuming the district court erred in permitting parts of Gerrish's memorandum to be read to the jury under Federal Rule of Evidence 803(5), "we find 'it is more probable than not that the error did not materially affect the verdict.'" *United States v. Torres*, 794 F.3d 1053, 1056 (9th Cir. 2015) (quoting *United States v. Seschillie*, 310 F.3d 1208, 1214 (9th Cir. 2002)).

The evidence of Cutting's guilt was overwhelming. *See United States v. Sayakhom*, 186 F.3d 928, 936 (9th Cir.), *amended by* 197 F.3d 959 (9th Cir. 1999) (holding that any error in admitting testimony was harmless because "[t]he

7

government presented compelling evidence of [defendant's] guilt"). The Gerrish memorandum concerned only the 101 Houseco scheme and so had minimal, if any, effect on Cutting's convictions relating to the legal lending limit scheme. As for the 101 Houseco scheme, extensive evidence showed that 101 Houseco was a fraudulent enterprise and Cutting knew this, and that Cutting played a key role in securing the false asset verification letters that straw buyers needed for Madjlessi to gain control over the PLV East project. The Gerrish memorandum was also duplicative of other evidence presented at trial, and it was not the government's central focus at closing argument.

The memorandum did not materially affect Lonich and Melland's verdicts either. Cutting's effective confession, as recounted in the Gerrish memorandum, only indirectly implicated the other defendants. Besides, overwhelming evidence implicated Lonich and Melland in the 101 Houseco schemes.

7. "The admissibility of lay opinion testimony under Rule 701 is committed to the sound discretion of the trial judge and h[er] decision will be overturned only if it constitutes a clear abuse of discretion." *United States v. Gadson*, 763 F.3d 1189, 1209 (9th Cir. 2014) (quoting *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008)). The district court did not abuse its discretion in admitting the challenged testimony for eight lay witnesses.

A fact witness may testify as to matters for which he has personal knowledge.

8

*See* Fed. R. Evid. 602. Federal Rule of Evidence 701 also allows a lay witness to offer opinions that are "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." "[W]hether evidence is more properly offered by an expert or a lay witness 'depends on the basis of the opinion, not its subject matter.'" *United States v. Perez*, 962 F.3d 420, 436 (9th Cir. 2020) (quoting *Barragan*, 871 F.3d at 704).

We have carefully reviewed the challenged testimony of the eight lay witnesses. Nearly all of it was factual in nature, based on personal perception and the recollection of events relating to each witness's involvement in investigating defendants' schemes. In the limited instances when it veered closer to opinion testimony, the district court acted within its discretion by admitting it because the witnesses testified based on their own perceptions. *See Gadson*, 763 F.3d at 1206 (under Rule 701, "[a] lay witness's opinion testimony necessarily draws on the witness's own understanding" of events, based on his "experience and knowledge").

Regardless, the challenged testimony did not prejudice defendants. Any of the testimony that could arguably be characterized as opinion testimony that exceeded the limits of Rule 701 was infrequent at best. *See United States v. Rodriguez*, 971 F.3d 1005, 1019 (9th Cir. 2020) (holding wrongfully admitted lay

9

testimony "was harmless" because "[t]he majority of the [witnesses'] testimony did pass muster under the Rules of Evidence"). In addition, the challenged testimony did not concern defendants' mental state for their crimes. It instead mainly concerned whether SVB violated California's legal lending limits, which is not itself a criminal offense, a point about which the district court instructed the jury. *See Perez*, 962 F.3d at 437 (harmless to admit testimony that is "informative but only tangentially relevant information" to the charged offenses).

8. Because none of defendants' arguments demonstrate error in their convictions, there is likewise no basis to overturn the convictions under the cumulative error doctrine. *See United States v. Lindsey*, 634 F.3d 541, 555 (9th Cir. 2011).

\* \* \*

For these reasons and those set forth in our accompanying opinion, we affirm defendants' convictions. But we vacate defendants' sentences and remand for resentencing on an open record.

**AFFIRMED in part, VACATED in part, and REMANDED.**